UNITED STATES BANKRUPTCY COURT                    ***NOT FOR PUBICATION***
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re
      Ellen Verna Green,                                 Chapter 7
                                                       Case No.: 06-35727 (CGM)
                              Debtor.
------------------------------------------------------X


------------------------------------------------------X
Christopher and Djennarra Long,
                              Plaintiffs,              Adversary Proceeding
        v.                                   Case No.: 06-9086 (CGM)
Ellen Verna Green,
                              Debtor.
------------------------------------------------------X

## MEMORANDUM DECISION

**A P P E A R A N C E S:**

Nicholas Fitzgerald
649 Newark Avenue
Jersey City, NJ 07306

Brian Juran
654 Aaron Court
Kingston, NY 12401


**CECELIA G. MORRIS, U.S.B.J.:**

      This decision concerns an adversary proceeding objecting to the dischargeability

of a debt.  For the reasons set forth in this memorandum decision, the Court grants

Summary Judgment to the Debtor and dismisses this action in its entirety. The Court

hereby grants Debtor's counter claim requesting attorney's fees and expenses for an

amount equivalent to the preparation and filing of Debtor's Motion for Summary

Judgment, preparation of the Statement of Undisputed Facts and time spent at and

preparing for the April 10, 2007 and May 8, 2007 hearings.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 United States Code ("U.S.C.") Section ("§") 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. The instant matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(I).

## FACTS[1]

Debtor, Ellen Verna Green, ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on July 19, 2006. Christopher and Djennarra Long ("Plaintiffs") filed this adversary proceeding against the Debtor on October 13, 2006. Plaintiffs allege they sold their interest in a Freihofer's franchise to Debtor's son, Erik Tresvick, on March 3, 2005. Plaintiffs also state that the Debtor co-signed a note with her son for the purchase price ($36,170.94) ("Guaranty"). In November 2005, Mr. Tresvick allegedly defaulted on the note and in February 2006, Plaintiffs brought an action in New York State Supreme Court against the Debtor and her son. In April 2006 Debtor refinanced her home, withdrawing approximately $60,000.00 of the equity ("Refinancing"). The following month, on May 31, 2006, Plaintiffs obtained a default judgment in their state court action against the Debtor and her son.

Plaintiffs alleged four causes of action objecting to the dischargeability of the guaranty under 11 U.S.C. § 523(a)(6) and to the dischargeability of all debts under 11 U.S.C. §§ 727(a)(2),(4) and (5).[2]

---

[1]  The Court notes that these facts are not in dispute.
[2]  The Court notes that Plaintiffs have not provided it with evidence such as deposition testimony or documentation supporting their causes of action. For this reason, the Court will assume the truth of Plaintiffs' allegations for the purposes of discussion only.

Plaintiffs' first cause of action, which was dismissed orally at the March 6, 2007 hearing and by Order dated March 13, 2007, alleged Debtor "knowingly and fraudulently [made] a False Oath or Account" in connection with her bankruptcy filing under 11 U.S.C. § 727(a)(4). Plaintiffs assert that the fact that Ms. Long lists more debt than income on her petition is proof of this assertion[3]:

> [O]n Schedule I of [Debtor's] bankruptcy schedules the defendant stated that her net income is $1,668 per month and on Schedule J of her petition the debtor stated that her expenses were $3,388.33 per month leaving the Debtor with a monthly net loss in the amount of $1,720.33. On Schedule J the Defendant listed her monthly payments on her mortgages as $1,434.33 and on her vehicle loans as $220.00 and $223.00 per month for a total of $1,877.33 in monthly expenses for her two mortgage and her two vehicle loans which expenses exceed the debtor's monthly net income of $1,668 – and this does not include costs such as real estate taxes, food etc. etc. etc. *Since it is not possible for the Defendant's continued expenses to exceed her income, there must be a knowing and fraudulent statement pertaining either to her income or to her expenses*. [emphasis added]

Plaintiffs' second cause of action alleged that the Debtor should not receive her discharge under 11 U.S.C. Section 727(a)(2) because Debtor's act of refinancing of her home is evidence of her intent to hinder, delay and defraud her creditors.[4] Plaintiffs provided no additional explanations or details to clarify the reasoning behind their allegation.

Plaintiffs' third cause of action alleged that the Debtor failed to explain a loss or transfer of her assets under 11 U.S.C. Section 727(a)(5). Specifically, Plaintiffs asserted that the Debtor did not adequately explain how she disseminated the $60,000 obtained from refinancing her home.[5]

---

[3] Plaintiffs' Complaint ("Comp.") at paragraphs ("¶¶") 14-15.
[4] Comp. ¶17
[5] Comp. ¶19

Lastly Plaintiffs allege that Debtor's conduct was malicious and intentional under 11 U.S.C. § 523(a)(6) because Ms. Green's refinancing encumbered her home with additional debt in order to prevent Plaintiffs from collecting on their state court issued default judgment.[6]

Debtor filed an Answer denying Plaintiffs allegations along with a counterclaim requesting attorney's fees and costs on November 8, 2006. Plaintiff answered Debtor's counter claim with a general denial on November 16, 2006. On November 28, 2006, the parties appeared for their first pretrial conference. After lengthy discussions about the case, the Court directed the parties to submit a scheduling order. Instead, on December 28, 2006, Debtor filed a motion to dismiss, which plaintiffs opposed the following day.

Debtor's motion to dismiss was argued before the Court on January 9, 2007. At the hearing Plaintiffs, who were represented by Chester Crum[7], opposed Debtor's motion to dismiss and made representations to the Court (which were echoed in their opposition papers) that they intended to prove facts supporting their allegations and only needed an opportunity to conduct discovery. Based upon the Second Circuit's standard that a debtor's motion to dismiss should only be granted if the Court is convinced, *beyond reasonable doubt*, that plaintiff can prove *no set of facts in support of his claim which would entitle plaintiff to relief* the Court denied Debtor's motion. *See In re Sharp Int'l Corp.,* 403 F.3d 43, 49 (2d Cir. 2005). At the close of the hearing, this Court directed the parties to contact the Chapter 7 Trustee assigned to this matter to discuss his investigation of Ms. Green's mortgage.

---

[6] Comp. ¶21

[7] The Court notes that Mr. Crum represented that he was "of counsel" to Nicholas Fitzgerald. Mr. Crum never filed a Notice of Appearance on the case docket or signed any papers filed with the Court on behalf of the Plaintiffs. Mr. Crum apparently also maintains a separate office from Mr. Fitzgerald. Separately, Mr. Fitzgerald has never appeared for a hearing in this matter.

At the following hearing, held on March 6, 2007, the Court heard from Thomas Genova, the Chapter 7 trustee in this matter.  Mr. Genova reported that he reviewed the documentation regarding Debtor's refinancing in which she allegedly borrowed $60,000.00 against the value of her home.  After investigating the situation, Mr. Genova took the position that the mortgage proceeds were paid to legitimate creditors in arms length transactions.  At the close of the hearing, the Court dismissed Plaintiffs' 11 U.S.C. § 727(a)(4) cause of action upon a finding that plaintiffs had alleged no fact in which they could prove the allegation that the Debtor made a false oath or account in connection with her bankruptcy case.  The Court again directed the parties to submit a scheduling order and to appear on April 10, 2007 to discuss the status of the case.

On March 26, 2007, Debtor filed a motion for summary judgment and amended her motion the following day.  Debtor filed a Statement of Disputed and Undisputed Facts on April 3, 2007 pursuant to United Stated Bankruptcy Court for the Southern District of New York local rule ("Bankr. S.D.N.Y. R.") 7056-1(b).[8]

---

[8]  Bankr. S.D.N.Y. R. 7056-1

(a) Unless the Court orders otherwise, no party shall file a motion for summary judgment without first seeking a pre-motion conference. The request for a pre-motion conference shall be made by letter, filed on the CM/ECF system, setting forth the issues to be presented in the motion and the grounds for relief.
(b) Upon any motion for summary judgment pursuant to Bankruptcy Rule 7056, there shall be annexed to the motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit the statement shall constitute grounds for denial of the motion.
(c) Papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried.
(d) Each numbered paragraph in the statement of material facts required to be served by the moving party shall be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.
(e) Each statement by the movant or opponent pursuant to subdivisions (b) or (c) of this rule, including each statement controverting any statement of material fact by a movant or opponent, shall be followed by citation to evidence which would be admissible.

Plaintiffs have not opposed Debtor's motion for summary judgment nor did they contribute to the Statement of Undisputed Facts.

On April 10, 2007, Mr. Crum appeared on behalf of the Plaintiffs.  The Court inquired of whether Plaintiffs intended to oppose Debtor's Motion for Summary Judgment and submit a scheduling order.  Mr. Crum replied that he was not aware of Plaintiffs' intentions and could elucidate any further.

After considering all of the allegations set forth, the Court found that Plaintiffs have not alleged any facts in which they could support their remaining § 727 allegations. Therefore, the Court dismissed Plaintiffs' second, and third allegations and set May 8, 2007 for a final pre-trial conference.

On May 7, 2007 Plaintiffs' counsel, Nicholas Fitzgerald, filed a document entitled a "Notice of Withdrawal of Adversary Proceeding" at 3:36 P.M.[9] A certificate of service was not filed.

## DISCUSSION

"The relief of a bankruptcy discharge is not an absolute right, but rather, a privilege accorded only to debtors who conduct their financial affairs with honesty and openness." *In re Smith*, 351 B.R. 274, 277 (Bankr. D. Conn. 2006).  "Despite this limitation on the discharge right, the law carries a 'presumption' in favor of the debtor in discharge contests. This debtor-inclination derives from the observation that the denial of a discharge 'imposes an extreme penalty for wrongdoing.'" *Id. at* 277-278 quoting *In re Chalasani,* 92 F.3d 1300, 1310 (2d Cir. 1996). "Thus, Bankruptcy Code Section 727(a) must be construed ... 'liberally in favor of the bankrupt'." *Id.* citing *In re Adlman,* 541

---

[9]  The time was obtained from the date stamp listed on the CM/ECF receipt.

F.2d 999, 1003 (2d Cir. 1976).  The party objecting to discharge bears the ultimate

burden of persuasion by a preponderance of the evidence at trial. *Cf. Grogan v. Garner,*

498 U.S. 279 (1991).

The Court will first address Plaintiffs' "Notice of Withdrawal of Adversary

Proceeding."    Plaintiffs'  "withdrawal"  was  filed  almost  7  months  after  the

commencement of the adversary proceeding.  Over the past 7 months, Debtor has been

obligated (even compelled) to file an answer, counterclaim, motion to dismiss, motion for

summary judgment, statement of undisputed facts and to appear at 5 case conferences.

Moreover, Plaintiffs' "withdrawal" does not cite Federal Rule of Civil Procedure ("<u>Fed.

R. Civ. P.</u>") or Bankruptcy Rule of Procedure ("<u>Fed. R. Bankr. P.</u>") on which they rely to

file their withdrawal. Therefore the Court must assume Plaintiffs are relying on Fed. R.

Bankr. P. 7041[10] (which incorporates Fed. R. Civ. P. 41[11]).

---

[10]  Fed. R. Bankr. P. 7041 (Dismissal of Adversary Proceedings)

Rule 41 F. R. Civ. P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

[11]  Fed. R. Civ. P. 41 (Dismissal of Actions)

(a)   Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; by Stipulation. Subject to the provisions of <u>Rule 23(e)</u>, of <u>Rule 66</u>, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Bankr. P. 7041 states "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct ... ." As the docket reflects, Plaintiffs did not file a certificate of service indicating that neither the Chapter 7 Trustee nor the United States Trustee was served. Rule 7041 further states that a complaint shall only be dismissed "on order of the court containing terms and conditions which the court deems proper." The Court notes that the plaintiffs have not made an application for permission to withdraw their petition. Moreover, under Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a), a plaintiff may not unilaterally dismiss its petition after an answer was filed. For these reasons, the Court Plaintiffs Notice of Withdrawal was defective.

In addition, Plaintiffs' case is dismissed for its failure to prosecute. Fed. R. Civ. P. 41(b) contemplates dismissal of a case on the merits "for failure of the plaintiff to prosecute or to comply with the federal rules of civil procedure." Fed. R. Civ. P. 41 (2007). After considering plaintiffs actions over the course of this matter, the Court, must, under Fed. R. Civ. P. 41(b) and Fed. R. Bank. P. 7041, dismiss the complaint in its entirety because of Plaintiffs' failure to prosecute. This Court has provided Plaintiffs with ample opportunity to prove that their allegations are likely to have any merit. It has not done so. Moreover, plaintiffs' counsel of record, Nicholas Fitzgerald, has never

---

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under <u>Rule 19</u>, operates as an adjudication upon the merits.

(c) Dismissal of Counterclaim, Cross-Claim, or Third-Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

(d) Costs of Previously-Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

appeared before this Court.  Instead, a substitute Mr. Crum, who admitted to knowing little about this matter, appeared at all but the May 8, 2007 case conferences.  Although the May 8, 2007 hearing was noticed almost a month prior, no one appeared on behalf of Plaintiffs.

Second, the Court has reviewed plaintiffs' allegations in their entirety and finds, after reviewing all of the factors in the light most favorable to the plaintiff, that there is no basis to conclude that plaintiffs' could find support for any of the four claims they alleged.

The Court will now review Plaintiffs' individual claims starting with its first claim under Bankruptcy Code § 727(a)(4).  In order for the Court to deny Debtor's discharge under § 727(a)(4), Plaintiffs must establish under the preponderance of the evidence standard that: (i) the debtor made a statement under oath; (ii) such statement was false; (iii) the debtor knew the statement was false; (iv) *the debtor made the statement with fraudulent intent;* and (v) the statement related materially to the bankruptcy case.  11 U.S.C. § 727(a)(4) (2007); *In re Smith*, 351 B.R. 274, 279 citing *In re Aiello,* 173 B.R. 254, 257 (Bank. D. Conn.1994).  To resolve Plaintiffs' claim under § 727(a)(4) "a Court need look no further than the element of fraudulent intent."  *Smith*, 351 B.R. at 279.

At the March 6, 2007 hearing, the Court dismissed Plaintiffs' § 727(a)(4) claim after hearing from Mr. Crum and considering Mr. Genova's report. The Court found that Plaintiffs' failed to allege any fact which would meet their burden of establishing Debtor's requisite "knowing and fraudulent" state of mind under the code.  Furthermore,

Mr. Genova's report supported Debtor's defense that she did not act with the level of scienter which would compel this Court to deny her discharge under § 727(a)(4).

Plaintiffs' second cause of action alleged a claim under § 727(a)(2) of the Bankruptcy Code.  In order to prevail on an objection to discharge under Section 727(a)(2)(A), Plaintiffs must prove under the preponderance of evidence standard that debtor's action of removing approximately $60,000 of equity from her home and using the proceeds to pay other creditors involved: (i) concealing, destroying, transferring, or removing the debtor's property, or permitting any of these acts to be done; (ii) was performed with actual intent to hinder, delay or defraud a creditor; and (iii) was done by the debtor within one year prior to the commencement of the case.  11 U.S.C. § 727(a)(2) (2007); *In re Smith*, 351 B.R. at 279 citing *In re Maletta,* 159 B.R. 108, 115-16 (Bank. D. Conn. 1993).  This claim was seriously undermined by the fact that the Debtor did fully disclose the circumstances of the refinancing, including the list of creditors paid from the proceeds to the Chapter 7 Trustee.

Although Plaintiffs have had ample opportunity, they have not presented this Court with evidence or even specific allegations that, if true, would support their claim that Debtor's actions were performed with actual intent to hinder, delay or defraud them. Plaintiffs made no attempt to show that the claim remained viable notwithstanding the Chapter 7 Trustee's opinion and this claim must also be denied.

Plaintiffs' complaint alleged a third cause of action as to why debtor should be denied a discharge under § 727(a)(5).  In order for Plaintiffs to succeeding in obtaining a denial of Debtor's discharge under this Code Section, they must establish a prima facie case showing a loss or deficiency of Debtor's assets.  *In re Cacioli,* 463 F.3d 229, 238–

239 (2d Cir. 2006). "Once this prima facie case has been established, it is up to the debtor to provide a plausible explanation for the loss or deficiency of the asset." *Krohn v. Cromer (In re Cromer)*, 214 B.R. 86, 95 (Bankr.E.D.N.Y.1997) citing *Hawley v. Cement Indus. (In re Hawley),* 51 F.3d 246, 249 (11th Cir. 1995). "As long as debtor's explanation convinces the judge that the debtor has not hidden or shielded assets, corroborating evidence by way of documentation is not necessary in every instance." *Krohn* at 97.

Plaintiffs stated in their complaint that Debtor intentionally removed approximately $60,000 in equity from her home to willfully and maliciously prevent Plaintiffs from collecting on their state court default judgment. Debtor has readily admitted (and "explained" in a manner satisfactory to the Chapter 7 Trustee) to this Court that she refinanced her home prior to filing for bankruptcy relief and she used the proceeds to pay other creditors. The Court accepts the representation of the Trustee by the Debtor that her creditors were paid with the proceeds in an "arms length transactions." By contrast, the Court finds that plaintiffs have provided this Court with no evidence to support its claim that Debtor has not satisfactorily explained the loss of equity in her home and denies their § 727(a)(5) claim.

Lastly Plaintiffs assert, in their fourth cause of action, a claim under § 523(a)(6). "A creditor seeking to establish non-dischargeability under Section 523(a) must do so by the preponderance of the evidence." *Ball v. A.O. Smith Corp*., 451 F.3d 66, 69 (2d Cir. 2006) citing *Grogan v. Garner,* 498 U.S. 279, 291 (1991).

Under Bankruptcy Code § 523(a)(6), discharge is not available for a debt "for willful and malicious injury by the debtor to another entity or to the property of another

entity." "The word 'willful' indicates 'a deliberate or intentional *injury,* not merely a deliberate or intentional act that leads to injury.'" *Ball*, 451 F.3d at 69 citing *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). "The injury caused by a debtor must also be malicious, meaning 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.'" *Id.* citing *In re Stelluti,* 94 F.3d 84, 87 (2d Cir. 1996). "Malice may be implied 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Id.*

Plaintiff has provided this Court with no evidence supporting their claim that Debtor's conduct caused intentional injury to them and was wrongful and without just cause or excuse. The evidence and arguments of the Debtor suggest that her actions were for the ordinary purpose of repaying creditors. The mere fact that she chose to pay other creditors, but not the Plaintiffs, is in no way indicative of a willful and malicious intent to injure. Plaintiffs' claim is nothing more than this fact stated in a conclusory fashion that Debtor's act was willful and malicious. The allegations have never been supplemented after more than 6 months of litigation. Therefore, plaintiffs' fourth and last cause of action                    is                    also                    denied.


## CONCLUSION

Debtor's motion for summary judgment is granted and the case is dismissed. The Court grants Debtor's counter claim requesting attorney's fees and expenses for an amount equivalent to the preparation and filing of Debtor's Motion for Summary Judgment, preparation of the Statement of Undisputed Facts and time spent at and preparing for the April 10, 2007 and May 8, 2007 hearings. As support for the

appropriateness of this award, FRCP 16(f) (*the failure of a party's attorney to appear at a pre-trial conference or if the attorney is substantially unprepared to participate in the conference*), the Court can issue orders pursuant to Fed. R. Civ. P. 37(b)(2)(B),(C) and (D) and "in lieu of or in addition to any other sanction, the Judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees … ."  *In re Bonfiglio,*231 B.R. 197, 198 (Bankr. S.D.N.Y.,1999) ("[t]he judicial power to sanction for violation of scheduling orders and lack of prosecution is absolutely essential to a court's ability to control its docket."); *In re McDowell*, 33 B.R. 323, 324 (Bankr. D. Ohio 1983) ("[a]s the Advisory Committee Note to amended Rule 16 illustrates, among the sanctions authorized under Rule 37 [include] charging a party, his attorney or both with the expenses, including attorneys fees, caused by noncompliance.").

The Court will issue a separate Order in accordance with the forgoing.


Dated: Poughkeepsie, New York
    May 11, 2007                                    /s/ Cecelia Morris
    _____
                                                            Honorable Cecelia G. Morris
                                                            United States Bankruptcy Judge